## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| NovaStar Mortgage, Inc., | Case No. 5:07 cv 1237 |
| **Plaintiff,** | Judge Sara Lioi |
| vs. | **JUDGMENT ENTRY AND DECREE OF FORECLOSURE** |
| Imogene Chorpenning, et al., | |
| **Defendants.** | |

This matter is before the Court on Plaintiff's unopposed Motion for Default Judgment. The real property that is the subject of this foreclosure action (the "Property") is as follows:

> Situated in the City of Tallmadge, County of Summit, State of Ohio:
>
> And known as being a part of Lot No. 3 in Tract No. 4, and more fully described as follows:
>
> Beginning at a point in the centerline of Akron-Kent Road (now known as Northeast Avenue, S.R. #261) which is South 42 deg. 49 min. West 1647.66 feet and South 443 deg. 09 min. 30 sec. West 242.60 feet from the Northeast corner of said Township.
>
> Thence North 46 deg. 50 min. 30 sec West, 571.99 feet to an iron prpe;
>
> Thence South 0 deg. 32 min. 40 sec. West, 135.88 feet to an iron pipe;
>
> Thence South 46 deg. 50 min. 30 sec. East, 479.99 feet to a point in the center line of the said Akron-Kent Road;
>
> Thence North 43 deg. 09 min. 30 sec. East, along said centerline 100.00 feet to the place of beginning, as surveyed in April 1943 by S.G. Swigart & Son, be the same, more or less, but subject to all legal highways.
>
> Iron pipes are also set at the intersections of the Southwest and Northeast lines of the above described parcel with the Northwest line of the Akron-Kent Road being North 46 deg. 50 min. 30 sec. West 30 feet from the most Southerly and most Easterly points.

The Clerk's Entry of Default is properly reflected on the Pacer docket. In response to the Motion for Default Judgment, the Court finds that Imogene Chorpenning, H. Ward Chorpenning and ABN AMRO Mortgage Group, Inc. have been served with a Summons and Complaint but are in

default for failure to timely file an Answer or other responsive pleading. As a result, with respect to such defendant(s), the Court hereby grants Plaintiff's Motion for Default Judgment and enters judgment in favor of Plaintiff for the relief sought by Plaintiff in its Complaint.

The Court finds that Imogene Chorpenning executed the promissory note referenced in the Complaint (the "Note") and therefore promised, among other things, to make monthly payments on or before the date such payments were due.  The Court further finds that Plaintiff is the owner and holder of the Note and that the sums due under the Note were accelerated in accordance with the terms of the Note and Mortgage.  The Court further finds that Imogene Chorpenning and H. Ward Chorpenning executed and delivered the mortgage referenced in the Complaint (the "Mortgage"), that Plaintiff is the owner and holder of the Mortgage, and that the Mortgage secures the amounts due under the Note.

The Court finds that the Note and Mortgage are in default because monthly payments have not been made.  The Court further finds that the conditions of the Mortgage have broken, the break is absolute, and Plaintiff is entitled to have the equity of redemption and dower of the current title holders foreclosed.

The Court further finds that there is due on the Note principal in the amount of $147,655.72 plus interest on the principal amount at the rate of 13.375% per annum from December 1, 2006. The Court further finds that there is due on the Note all late charges imposed under the Note, all advances made for the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent the payment of one or more specific such items is prohibited by Ohio law.

As a result, the Court hereby enters judgment for the amount due on the Note against Imogene Chorpenning.

The Court finds that the Mortgage was recorded with the County Recorder and is a valid and subsisting first mortgage on the Property.  The Court further finds that the parties to the Mortgage intended that it attach to the entire fee simple interest in the property. Plaintiff's Mortgage is, however, junior in priority under Ohio law to the lien held by the County Treasurer to secure the payment of real

2

shall be paid from the proceeds of the sale before any distribution is made to other lien holders.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that unless the sums found to be due to Plaintiff are fully paid within ten (10) days from the date of the entry of this decree, the equity of redemption of the defendant title holders in the Property shall be foreclosed and the Property shall be sold free of the interests of all parties to this action. In addition, an order of sale shall issue to the Master Commissioner, directing him to appraise, advertise and sell the Property according to the law and the orders of this Court and to report his proceedings to this Court.

Notice of the time and place of the sale of the Property shall be given to all persons who have an interest in the Property according to the provisions of Section 2329.26 of the Ohio Revised Code.

Following the sale of the Property, the proceeds shall be distributed in the following order of priority:

- First, the Clerk of the Courts shall be paid for all costs of this action.

- Second the Summit County Treasurer shall be paid for all unpaid taxes, assessments, interest, and penalties on the Property.

- Third, Plaintiff shall be paid principal in the amount of 147,655.72 plus interest on the principal amount at the rate of 13.375% per annum from December 1, 2006, all late charges due under the Note and Mortgage, all advances made fro the payment of real estate taxes and assessments and insurance premiums, and all costs and expenses incurred for the enforcement of the Note and Mortgage, except to the extent payment of one or more specific such items is prohibited by Ohio law.

- Fourth, the balance of the proceeds, if any shall be held pending further order of the Court.

Upon distribution of the proceeds, pursuant to the Order of Confirmation of Sale and Distribution, a certified copy of the Order shall be issued to the Summit County Recorder and Clerk of Courts directing them to enter the same on the margin of the records of the mortgages and liens,

This case is closed.

**IT IS SO ORDERED.**

Dated: August 7, 2007                                         *s/ Sara Lioi*
                                                              Hon. Sara Lioi
                                                              United States District Judge